## WATKINS vs. WEAVER.

Though there is a mistake in the declaration, as to the *place* where a note was executed, this is immaterial. It is an averment as to *place* alone, and not a description of the writing sued on.

It is no variance, that the declaration states a note, due at one day, with interest at eight per cent. till paid, and then alleges that the defendant became liable to pay such interest *from the time the note fell due till paid.*

Nor is it material that the note is stated to be for $646 89 cents, and the breach alleges the non-payment of "said sum of $649 98 cents.

THIS was an action of debt, determined in the Pulaski Circuit Court, in May, 1842, before the Hon. JOHN J. CLENDENIN, one of the circuit judges. Weaver sued Watkins on a bond, executed to Pitcher & Walters, and assigned. The declaration stated the bond to have been executed at *the county of Pulaski*, for $646 89 cents, due one day after date, with eight per cent. interest until paid; alleged that, by it and the assignment, the defendant became liable to pay that sum, with interest at eight per cent. *from due* till paid; and, in the breach, negatived the payment of "said sum of $646 98 cents," to the plaintiff, and of "said sum in said obligation specified," to Pitcher & Walters; and also negatived payment of the interest. The bond given on oyer was dated *at Little Rock*, and otherwise agreed with the description in the declaration. Demurrer overruled, and judgment for Weaver. Watkins brought error.

*Ashley & Watkins*, for the plaintiff in error. If either of the objections specially assigned in the demurrer be well founded, the demurrer ought to have been sustained; and the court could not, by any legal intendment, consider them as amended. *Rev. St.* 627, *sections* 60, 61.

The declaration describes the note as being made at the county of Pulaski. The note given on oyer bears date at Little Rock. That this variance is fatal. *Sumner vs. Ford*, 3 *Ark.* 404. *Covington vs. Comstock*, 14 *Pet.* 43.

The note declared on is described as bearing interest *from due*.

A note, payable at a *future day*, with interest, bears interest from date. *Inglish et al. vs. Watkins, Adm'r, ante.* The note should, at least, be so described that judgment on it would be a bar to a future recovery.

The breach assigned in the declaration is broader than the contract declared on, and avers the non-payment of a sum of money different from that demanded in the declaration. If the breach vary from the contract—be either more limited or larger—it will be insufficient, on general demurrer. *Clary & Webb vs. Morehouse, Adm'r,* 3 *Ark.* 264. 1 *Ch. Pl.* 291, 292, 293.

The maxim, *de minimis non curat lex,* cannot apply, in this case, where the defect is specially expressed in the demurrer.

*Hempstead & Johnson,* contra. Actions *ex contractu* are of a transitory nature, and may be declared on as accruing in any county. 1 *Ch. Pl.* 298. 1 *Saund.* 74, *n.* 2. *Gilb. C. P.* 84. 1 *Tidd's Practice,* 369.

If the matter which is the cause of a transitory action, arise within the realm, it may be laid in any county, the place not being material. *Fabrigas vs. Mostyn, Cowp.* 176, 177. 1 *Tidd,* 370.

When a transitory matter has occurred abroad, it may, in general, be stated to have taken place in any English county, without noticing the place where it really happened. *Cowp.* 117, 178. 1 *Chit. Pl.* 307.

If matter, unnecessarily stated, be wholly foreign or irrelevant to the cause, so that no allegation on the subject was necessary, it will be rejected as surplusage, it being a maxim that, *utile per inutile non vitiatur.* It will not vitiate even on special demurer. 1 *Ch. Pl.* 263. Any allegation may be stricken out as surplusage, which would leave a good cause of action. *King vs. Pippet,* 1 *T. R.* 235. *Wigley vs. Jones,* 5 *East.* 444.

Though a superfluous or irrelevant allegation be repugnant to what was before alleged, it is void, and will be rejected; and whatever is redundant and contradictory of what was before alleged, and which need not have been embraced in the sentence, will not, in general, vitiate the pleading. *Co. Lit.* 303. *Buckley vs. Kenyon,* 10 *East.*

139, 1 *Salk.* 324, 325.  1 *Ch. Pl.* 265.  *Byrd vs. Tucker*, 3 *Ark. Rep.* 451.

*By the Court,* DICKINSON, J.   The suit is instituted upon a writing obligatory, dated at Little Rock.   The defendant below craved oyer, and demurred, upon the ground of 'misdescription in the declaration. It states that it was executed at the county of Pulaski.   This, we deem sufficient; for it is an averment as to the place alone, not a description of the writing sued on.   The obligation is payable one day after date, with interest at the rate of eight per cent. per annum. The breach conforms to the stipulations of the contract; and, in our opinion, there is no error in the judgment of the court below, in overruling the demurrer.

Judgment affirmed.