Mr. Justice Walker delivered the opinion of the Court. This suit was instituted by Taylor, Gardiner & Co., against the defendant, upon a writing obligatory. At the trial of the case, the defendant filed his plea of oyer, which was granted by filing the original, and thereupon he demurred for variance between the bond as given on oyer and that declared upon in the declaration, and assigned for cause of demurrer, 1: That it was averred that the bond sued upon was executed at the “ City of Little Rock, Arks.,” whereas that given on oyer was executed at “Little Rock, Arks;” 2: That the name of one of the plaintiffs in the declaration is “Gardiner,” and that in the bond “Gardner;” 3: That the declaration is against Henry M. Rector, and the bond is executed by H. M. Rector. The first two grounds may properly be said to rest upon the ground of variance, but the third is not strictly a variance. The pleader did not undertake to show in what terms, abbreviated or otherwise, the bond was executed, as was the case in Boren vs. The Bank, (3 Eng. 500,) where the pleader averred that the note was executed by a particular description or abbreviation by name, but declared in general terms according to the legal effect of the bond; in which case, it is only necessary to show a legal liability on the part of the defendant to pay the debt, and if on oyer the bond corresponds in the essential descriptive averments thus made, it is all that is required. If, in order to fix upon Rector a liability to pay, it had been necessary to have shown the manner of executing the bond, and the pleader had failed to do this, then the declaration would have been demurrable without oyer, or if an obligor could only bind himself by his unabbreviated name, then there might be more force in the objection. To say the least of this ground of objection, it rests rather upon an omission to make an averment than a variance from one made; which, when oyer was granted, was as fully supplied as if the pleader had set it forth in his declaration in hcec verba; and, when set forth, it neither shows a substantive condition or requisite of the bond variant from that described in the declaration. The signature, H. M. Rector, is not inconsistent with the averment that Henry M. Rector bound himself to pay. If he did not execute the bond by the abbreviated name, he should plead non est factum under oath; he cannot indirectly deny that it is his deed by demurrer. If, on the other hand, he did execute it by that name, then it is his deed in form and substance as set forth, and there is no variance. We have heretofore made several decisions which cover the whole ground presented in this case. In the case rof Webb vs. Jones & Prescott, (2 Ark. R. 333,) it was held that where the petition was against Abert W. Webb, and the note given on oyer was signed A. W. Webb, there was no variance. So abond executed by “ Andre J. Green,” was held to support an allegation that it was executed by “Andrew J, Green.” (1 Eng. 33.) Where the declaration stated the assignment to have been made by “William Thompson,” and the bond given on oyer was signed by “Wm, Thompson, ad. of Watt Dickinson.” Ringo, Ch. J., in his opinion, said: “ The declaration does not purport to set forth either the writing obligatory or the assignment in hcec verba, or according to their legal tenor, but simply according to their legal operation and eífect, and therefore the plaintiff, according to the well established principles of pleading, will not be prejudiced by any verbal misdescription of the instrument, and the pleading must be adjudged good if it states correctly the legal effect and operation of the instrument constituting the foundation of the action. Upon a careful comparison of the writing obligatory, and the assignment thereof as shown on óyer in this case, with the allegations descriptive thereof in the declaration, we do not perceive any material variance between them, and cannot conjecture in what particular a variance was supposed to exist.” So it was held in New York, that, a note executed by “Christ. Bulkley,” sustains an allegation that Christopher Bulkley promised to pay. (Wood v. Bulkley, 13 John. R. 486.) So, in Alabama, a note executed by “J. C.,” was held to support an averment that John C. promised, &c. A bond, signed “Philp. T.” will support a declaration against “Philip T.” Taylor vs. Rogers, Miner R. 197. These exceptions fully sustain the views which we have taken of this point. Indeed it was unnecessary to have referred to authorities but for the fact that the question seemed .to have been blended by counsel with a very distinct class of cases, where the objection went to variances aifecting the terms of the contract itself, or where the pleader had attempted to set out the contract itself, or give a particular description of some part of the contract, which it was unnecessary to describe; but, in cases like the present, .where the instrument is declared upon according to its legal effect, the main inquiry is as to whether the oyer when granted presents a new, variant or different contract in legal effect from that set forth in the declaration. As regards the first and second grounds above referred to, neither of them is entitled to serious consideration. The venue is transitory; the place of making the contract immaterial; and, if otherwise, in this case “The city of Little Rock, Ark.,” and “Little Rock, Arks.” are wholly unimportant, if a variance at all. So we held a bond dated at “Little Rock,” no substantial variance from an allegation that it was executed “in the county of Pulaski.” Watkins v. Weaver, 4 Ark. 556. The names “Gardiner” and “Gardner,” are not variant in sound; the letter “i” in the one name makes no necessary difference in sound. So we held “Gravaier” and “Gravier” to be the same name. The decisions have already gone as far as may be allowed in support of such technicalities, which do but tend to produce delay in the due administration of the law, and should rather be modified than extended further. There was no error in the judgment of the Circuit Court in overruling the demurrer of the defendant. Let the judgment be in all things affirmed.